IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTANA GAONA,<br>TDCJ No. 1994412, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-1040-M-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. An objection was filed by Petitioner. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

But the Court writes separately to address Petitioner's objection to the denial of his *Miranda* warnings claim. Citing Petitioner's failure, in his petition and brief in support, to identify a statement that he made prior to receiving *Miranda* warnings, the Magistrate Judge has recommended that the Court find that the state court's denial of this claim was not unreasonable given its conclusory nature.

1

In his brief, however, Petitioner does provide that he made a statement "in direct response to a remark by, Officer, L. Gordon." Dkt. No. 4 at 26. And an Officer Gordon did testify at Petitioner's trial that, when Petitioner was detained but not under arrest, Petitioner did say there was a gun in the garbage can prior to receiving *Miranda* warnings. *See* Dkt. No. 13-9 at 192-93. Petitioner's counsel objected, and, after some discussion with counsel outside the presence of the jury, during which the prosecutor indicated that Petitioner was eventually interviewed and did "admit that … the gun that's found is the gun that's used" in the crime, the trial court overruled the objection. *Id.* at 192-98.

But, even finding that Petitioner's claim is not conclusory, he is not entitled to habeas relief on this claim because he has not shown that the state court's denial of this claim was contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004) (A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts.").

In sum, Petitioner contends that there was a *Miranda* violation and that the trial court erred in admitting the statement at issue. The admission of an involuntary confession is subject to harmless error analysis. *See Arizona v. Fulminante*, 499 U.S. 279, 310 (1991); *Hopkins v. Cockrell*, 325 F.3d 579, 585 (5th Cir. 2003). "In order to be entitled to federal habeas relief, the error must have had 'substantial and injurious effect or influence in determining the jury's verdict.'" *Debenedetto v. Davis*, No. 5:18-

CV-0619-XR, 2019 WL 4453708, at *14 (W.D. Tex. Sept. 17, 2019) (quoting *Hopkins*, 325 F.3d at 585 (citing, in turn, *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993))).

But Petitioner has not even attempted to make this showing by explaining how, absent the statement at issue, there would not have been sufficient evidence to support the jury's finding of guilt. *See, e.g.*, *Gillon v. Davis*, No. 4:18-CV-629-P, 2019 WL 6174364, at *6 (N.D. Tex. Nov. 29, 2019) ("No Supreme Court precedent holds that *Miranda* violations are not subject to harmless-error. The harmless-error standard in the context of federal habeas review requires that a court grant relief on the basis of a constitutional error in the trial court 'only if the error had a substantial and injurious effect or influence in determining the jury's verdict.' Thus, even assuming trial error, the Court agrees that, absent Petitioner's statement to police, the evidence remains not only sufficient to support the jury's verdict but overwhelming as to establish his guilt beyond a reasonable doubt. Thus, it cannot be said that admission of the statement substantially effected or influenced the jury's decision. Petitioner is not entitled to relief under ground one." (citations omitted)).

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case, as supplemented by this order, in support of its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a

constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

But, if Petitioner elects to file a notice of appeal, he must either pay the $505 appellate filing fee or move for leave to appeal *in forma pauperis*.

SO ORDERED this 4 day of December 2020.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

[1]   Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.